### NELSON v. WHITTEN.

(District Court, E. D. New York. March 8, 1921.)

1. **Libel and slander** ⊙⟝47—**Letter not privileged, because in answer to request for recommendation.**

It is not a defense to an action for libel in writing and publishing a letter containing false and derogatory statements that the letter was in response to a request of plaintiff for a recommendation.

2. **Libel and slander** ⊙⟝25—**Dictation of libelous letter to stenographer is "publication."**

The dictation to a stenographer of a letter which was libelous per se *held* a publication of the libel.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Publication.]

At Law. Action by Andrew Nelson against Francis S. Whitten. On demurrer to complaint. Overruled.

Strong & Mellen, of New York City (Chase Mellen, of New York City, of counsel), for plaintiff.

McAdoo, Cotton & Franklin, of New York City (Boykin C. Wright, of New York City, of counsel), for defendant.

GARVIN, District Judge. Defendant has demurred to the complaint upon the ground that no cause of action has been alleged and plaintiff now moves for judgment on the pleadings. The propriety of this motion as a matter of practice is not questioned. The action is for libel and is based upon a letter which the parties agree is libelous per se.

Plaintiff, having been in the employ of defendant as captain of a vessel known as the Drusilla, wrote asking for a letter or statement in writing respecting his services as such captain. Defendant replied by

letter, dictated to and transcribed and mailed by a stenographer, which reads as follows:

"Columbia Graphophone Manufacturing Company,

"Manufacturers of Columbia Grafonolas, Columbia Records and the Dictaphone 'Registered.'

"Columbia Graphophone Company, Sole Sales Agent.

| | |
|---|---|
| President, | Secretary, |
|   Francis S. Whitten. |   C. W. Cox. |
| Vice-President, | Asst. Treas. & Asst. Sec'y, |
|   Wm. M. Johnson. |   F. J. Ames. |
| Vice-Pres. & Treas., | Comptroller, |
|   C. Wm. Woddrop. |   H. C. Cox. |
| Vice-Pres. & General Manager, | Assistant to President, |
|   H. L. Willson. |   T. C. Roberts. |
| Ass't General Manager, | In Charge of Engineering |
|   Hulbert A. Yerkes. |   and Manufacture. |

"[Trade Symbol.]
"Woolworth Building, New York, October 5, 1920.

"Captain Andrew Nelson, 670 92d Street, Brooklyn, N. Y.—Dear Sir: In accordance with your request, I desire to advise you that you served as captain of the Drusilla in my employ from September 17, 1919, to July 22, 1920. As to your qualifications as a captain I can say you were an excellent housekeeper. Your knowledge of navigation is exceedingly meager.

"I am so much in doubt as to your loyalty and integrity that I could not conscientiously give a recommendation to any one desiring to employ you.

"Very truly yours,

"FSW.F.                                        Francis S. Whitten."

The demurrer is based on two grounds: First, that, inasmuch as the libel was communicated to defendant's stenographer only, there was no publication, because a stenographer has become such a common, if not necessary, part of the methods of communication in writing, that any letter would be expected to be dictated, if written at all; and, second, that plaintiff cannot complain for the reason that the letter was written in response to a request by him for a recommendation.

[1] So far as the latter ground is concerned the defendant was only requested to furnish a statement in writing; if he did not care to do so he could have refused the request. It is alleged that the statement derogatory to plaintiff was false. For the purposes of this motion the falsity must be conceded. Because of a request for such statement, plaintiff did not invite defendant to make public anything false and defamatory.

[2] With respect to the first ground of demurrer the authorities are not in harmony. The English courts and some of our own hold that defendant's contention is not sound. The reasoning is that a stenographer is an individual, just as any other employee; that there is no basis for the belief that a communication made to one occupying such a position would be less injurious to plaintiff than if it were made to any other of defendant's employees, and that, as said by Lopes, L. J., in Pullman v. Hill, [1891] 1 Q. B. 524:

"It is said that business cannot be carried on if merchants may not employ their clerks to write letters for them in the ordinary course of business. I think the answer to this is very simple. I have never yet heard that it is in the usual course of a merchant's business to write letters containing

defamatory statements. If a merchant has occasion to write such a letter, he must write it himself and make a copy of it himself, or he must take the consequences."

This argument is convincing and is adopted. The demurrer is overruled, with permission to defendant to amend the answer within 20 days, if he is so advised.